IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**EARL DEXTER HOWARD,**
        **Petitioner,**

**v.**                                         **Case No. 1:07cv251/MP/MD**

**EDWIN G. BUSS,**[1]
        **Respondent.**

_____

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to Title 28 U.S.C. § 2254 (doc. 1).  Respondent has filed a response (doc. 19) to which petitioner replied (doc. 21).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by Mr. Howard, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  It is further the opinion of the undersigned that the pleadings and attachments before the court show that Mr. Howard is not entitled to relief, and that the petition is without merit and should be denied.

_____

[1]  Edwin Buss became Secretary of the Florida Department of Corrections on February 14, 2011 and is substituted as the respondent.

## BACKGROUND AND PROCEDURAL HISTORY

The petitioner, Earl Dexter Howard, was charged in the Circuit Court of Alachua County, Florida, by Information with one count of robbery, one count of resisting a law enforcement officer with violence, and one count of battery on a law enforcement officer (doc. 20, ex. D).[2]  Mr. Howard was serving a two year probation sentence at the time, and he stipulated to violating his probation at his jury trial (ex. E, pp. 5-9; *see* exs. A, B).  Mr. Howard was adjudicated guilty as charged on the robbery and resisting a law enforcement officer with violence counts, and not guilty on the count of battery on a law enforcement officer (ex. F).  Mr. Howard was sentenced to twelve years imprisonment for robbery, to be served concurrently with five years imprisonment for resisting a law enforcement officer with violence (ex. G, pp. 198-201).  Additionally, his probation was revoked and he was sentenced to five years imprisonment with 242 days credit time, to be served consecutively to the other sentences (ex. G, p. 198, ex. I, p. 51).

Mr. Howard appealed all sentences, and the court consolidated the cases for purposes of direct appeal (exs. J, K).  On June 10, 2005, the Florida First District Court of Appeals ("First DCA") *per curium* affirmed the sentences without written opinion.  *Howard v. State of Florida*, 903 So.2d 939 (Fla. 1st DCA 2005) (Table) (copy at ex. N).  Mr. Howard then filed a *pro se* motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850, alleging six grounds of ineffective assistance of counsel and one ground of cumulative error (ex. O).  The Rule 3.850 court summarily denied Grounds One, Two, and Five, and held an evidentiary hearing on the remaining grounds on January 23, 2006 (ex. P, p. 58; Q).  On January 30, 2006, the Rule 3.850 court denied Grounds 1, 4, 6, and 7 by written decision (ex. R).  Mr. Howard filed an untimely appeal, which the First DCA denied without prejudice on May 31, 2006.  *Howard v. State of Florida*, 931 So.2d 175 (Fla. 1st DCA 2006) (copy at ex. T).

---

[2]  Hereafter all references to exhibits will be to doc. 20 unless otherwise noted.

On June 30, 2006, Mr. Howard filed a petition for belated appeal, which the court granted (ex. U).  The First DCA granted the petition on December 27, 2006 (ex. V).  The parties filed briefs, and the First DCA *per curium* affirmed the Rule 3.850 court's denial of Mr. Howard's motion for post-conviction relief on November 5, 2007.  *Howard v. State of Florida*, 968 So.2d 561 (Fla. 1st DCA 2007) (Table) (*see* exs. W-Z).  Mr. Farmer filed the instant petition for federal habeas corpus on November 29, 2007 (doc. 1), which respondent concedes is timely (doc. 19, p. 6).

## STANDARD OF REVIEW

Federal courts may issue habeas corpus relief for persons in state custody pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Pub. L. 104-132, § 104, 110 Stat. 1214, 1218-19.  In relevant part, § 2254 provides:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2006).

The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[3]  Section 2254(d)(2) must be divided into two separate inquiries:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412–13 (O'Connor, J., concurring).   The federal habeas court "determining whether [it] should overturn the state courts' [sic] rejection of the claim at issue" should "review the highest state court decision disposing of the claim." *Harvey v. Warden, Union Corr. Inst.*, 629 F.3d 1228, 1237 (11th Cir. 2011);  *see Knowles v. Mirzayance*, 556 U.S. 111, 129 S. Ct. 1411, 1419, 173 L. Ed. 2d 251 (2009).

Following the *Williams* framework, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal state court proceeding, the federal court should first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision."  *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S. Ct. 1166, 1172, 155 L. Ed. 2d 144 (2003).  The law is "clearly established" only when the Supreme Court's holding embodies the legal principle; dicta in opinions is not controlling.  *Thaler v. Haynes*, __ U.S. __, 130 S. Ct. 1171, 1173, 175 L. Ed. 2d 1003 (2010); *Bowles v. Sec'y for Dep't of Corr.*, 608 F.3d 1313, 1315 (11th Cir. 2010).  Furthermore, a federal court of appeals decision, "even a

---

[3]  Unless otherwise noted, references to *Williams* are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367–75, 390–99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and—except as to the footnote—Scalia) in part II (529 U.S. at 403–13).  The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

holding directly on point," cannot clearly establish federal law for § 2254 purposes. *Bowles*, 608 F.3d at 1316 (citing *Renico v. Lett*, __ U.S. __, 130 S. Ct. 1855, 1866 (2010)).

After identifying the governing legal principle, the court determines whether the state court adjudication is "contrary to" clearly established Supreme Court case law, either because the state court "applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or because it "confronts a set of facts that is materially indistinguishable from a decision of [the] Court but reaches a different result." *Brown v. Payton*, 544 U.S. 133, 141, 125 S. Ct. 1432, 1438, 161 L. Ed. 2d 334 (2005); *see* § 2254(d)(1).  The state court does not need to cite to Supreme Court cases or even be aware of them, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 365, 154 L. Ed. 2d 263 (2002).  If the state court decision is contrary to clearly established federal law, the federal habeas court must independently consider the merits of the petitioner's claim.

If the state court decision is not contrary to clearly established federal law, the federal habeas court must then determine whether the state court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases.  § 2254(d)(1); *Williams*, 529 U.S. at 412–13, 120 S. Ct. at 1523.  The federal court defers to the state court's reasoning unless the state court's application of the legal principle was "objectively unreasonable" in light of the record the court had before it.  *Williams*, 529 U.S. at 409, 120 S. Ct. at 1521; *see Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388, 1400, 179 L. Ed. 2d 557 (Apr. 4, 2011) (holding new evidence introduced in federal habeas court has no bearing on § 2254(d)(1) review, rejecting dicta in *Holland v. Jackson*, 542 U.S. 649, 652, 124 S. Ct. 2736, 2737–38, 159 L. Ed. 2d 683 (2004) (per curiam)); *cf. Bell v. Cone*, 535 U.S. 685, 697 n.4, 122 S. Ct. 1843, 1851 n.4, 152 L. Ed. 2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).  A state court's application of federal law is objectively unreasonable when the state court

"identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Brown*, 544 U.S. at 141, 125 S. Ct. at 1439.  However, a state court may "decline to apply a specific legal rule that has not been squarely established by [the Supreme Court]" without running afoul of the "unreasonable application" clause.  *Knowles*, 129 S. Ct. at 1419.  Notably, even a state court's incorrect application of law will not warrant federal habeas relief unless it is also objectively unreasonable.  *See Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770, 785-86, 178 L. Ed. 2d 624 (2011).

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in state court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  As with the "unreasonable application" clause, the Supreme Court applies the "objectively unreasonable" test to the state court's factual determination.  *Miller-El v. Cockrell*, 537 U.S. 322, 324, 123 S. Ct. 1029, 1041, 154 L. Ed. 2d 931 (2003) (dictum).  The petitioner must advance clear and convincing evidence that the state court's factual determination was "objectively unreasonable" to rebut the presumption that the determination was correct.  *Gill v. Mecusker*, 633 F.3d 1272, 1287 (11ᵗʰ Cir. 2011); *see* § 2254(e)(1).

The Eleventh Circuit Court of Appeals in *Gill* clarified the federal habeas court's role in reviewing a state court's decision by squarely addressing the "unreasonable application of law" and the "unreasonable determination of facts" tests.  Mr. Gill's petition alleged he was denied his Sixth Amendment right to counsel.[4]  The Eleventh Circuit granted a limited Certificate of Appealability to

---

[4]  Mr. Gill twice moved the trial court in pretrial hearings to allow him to waive his Sixth Amendment right to counsel.  *Gill*, 633 F.3d at 1275-1284; *see* U.S. Const. amend. VI.  The trial court denied the first motion, finding that Mr. Gill's waiver of counsel was not knowing and intelligent.  *Gill*, 633 F.3d at 1278; *see Faretta v. California*, 422 U.S. 806, 835, 95 S. Ct. 2525, 2541, L. Ed. 2d 562 (1975) (accused must "knowingly and intelligently" waive representation).  It also denied the second motion, but it allowed

determine the precise issue of the validity of "summary affirmance by a state appellate court of a trial court's decision based on potentially flawed reasoning." *Id.* at 1286.[5]

The court acknowledged the well-settled principle that summary affirmances, such as the Second DCA's, are presumed adjudicated on the merits and warrant deference. *Id.* at 1288 (citing *Harrington*, 131 S. Ct. at 784-85 and *Wright v. Moore*, 278 F.3d 1245, 1254 (11th Cir. 2002)). "A judicial decision and a judicial opinion are not the same thing," and the Supreme Court has confirmed that determining whether the state court unreasonably applied the law or unreasonably determined the facts requires only a decision, not an opinion. *Id.* at 1291 (citing *Harrington*, 131 S. Ct. at 784). Yet, the Supreme Court has never squarely addressed whether under the "unreasonable application" test a federal habeas court "looks exclusively to the objective reasonableness of the state court's ultimate conclusion or must also consider the method by which the state court arrives at its conclusion." *Id.* at 1289 (quoting *Neal v. Puckett*, 286 F.3d 230, 244-45 (5th Cir. 2002) (summarizing the emerging circuit split)). The Eleventh Circuit court concluded that district courts must apply the plain language of § 2254(d) and answer the "precise question" raised in a claim based on the state court's ultimate legal conclusion, and should not "evaluate or rely upon the correctness of the state court's process of reasoning." *Id* at 1291 (agreeing with the Fifth Circuit court in *Neal*, *supra*). In short, the court

---

Mr. Gill to act as co-counsel for himself only for determining trial strategy. *Gill*, 633 F.3d at 1284. He was convicted, and the Florida Second District Court of Appeals ("Second DCA") affirmed without opinion the trial court's denial of post-conviction relief. *Id.* at 1284-85. Mr. Gill then filed a petition in federal district court, which petition the court denied with prejudice. *Id.* at 1284-85.

[5]  The court reviewed Gill's claims that the federal habeas court erred in two respects. First, Gill argued the habeas court erred by "failing to review on the merits the 'legally and factually unsupported rationale' articulated by the state trial court." 633 F.3d at 1288. Second, Gill argued the habeas court's decision was *per se* erroneous because it "relied on a finding that the state court did not make." *Id.* Gill averred the trial court denied relief by finding that Gill's waiver was not knowing and intelligent, while the federal district court denied relief by finding that Gill "never clearly and unequivocally" waived his right to counsel. *Id.*

stated, "the statutory language focuses on the result, not on the reasoning that led to the result."  *Id.*[6]

In light of *Gill*, the "unreasonable determination of facts" standard plays a limited role in habeas review because the district court considers the reasonableness of the trial court's fact finding only to the extent that the state court's ultimate conclusion relied on it.  *Id.* at 1292.  A federal habeas court can consider the full record before it to answer "the only question that matters[:]" whether the state court's decision was objectively unreasonable.  *Lockyer*, 538 U.S. at 64, 123 S. Ct. at 1168; *Gill*, 133 F.3d at 1290.

The Supreme Court recently summarized the meaning and function of habeas corpus in the federal system:

> Under §2254, a habeas court must determine what arguments or theories supported or . . . could have supported [ ] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of this Court.

*Harrington,* 131 S. Ct. at 786.  Federal habeas relief is precluded "so long as fairminded jurists could disagree on the correctness of the state court's conclusion."  *Id.* at 786 (internal quotations omitted).

The federal habeas court will take the final step of conducting an independent review of the merits of the petitioner's claims only if it finds that the petitioner satisfied AEDPA and § 2254(d).  *See Panetti v. Quarterman*, 551 U.S. 930, 953-54, 127 S. Ct. 2842, 2858-59, 168 L. Ed. 2d 662 (2007); *Jones v. Walker*, 496 F.3d 1216, 1228 (same).  The writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States."  28 U.S.C. § 2254(a).  When performing its review under § 2254(d), the federal court must resolve all claims for relief regardless of whether habeas relief is granted or denied.

---

[6]  Applying this analysis, the court rejected Gill's claim that the district court erred by relying on different grounds than the trial court because Gill's basic premise—the Second DCA's summary affirmance relied on the trial court's statements from the bench—was not dispositive.  *Id.* at 1288.

*Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (en banc); *see Puiatti v. McNeil*, 626 F.3d 1283, 1307 (11th Cir. 2010).  The federal court must also bear in mind that state court factual determinations are presumed to be correct, and the petitioner bears the burden of rebutting that presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Crawford v. Head*, 311 F.3d 1288, 1295 (11th Cir. 2002) (AEDPA provides for a "highly deferential standard of review" for factual determinations made by a state court); *Jackson*, 112 F.3d at 824-25 (noting petitioner has heavier burden to overcome the presumption of factual correctness).  "If this standard is difficult to meet, that is because it was meant to be."  *Harrington*, 131 S. Ct. at 786.

## OTHER CONTROLLING LEGAL PRINCIPLES

### Ineffective assistance of counsel.

Petitioner contends in some of his claims for relief in this court that he was denied his constitutional right to the effective assistance of counsel.  The Constitution provides "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. To prevail on a claim of ineffective assistance of counsel, the petitioner must prove: (1) "counsel's representation fell below an objective standard of reasonableness;" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland v. Washington*, 466 U.S. 668, 677-678, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984); *see also Berghuis v. Thompkins*, __ U.S. __, 130 S. Ct. 2250, 2264-65, 176 L. Ed. 2d 1098 (2010).  Reasonableness of representation does not implicate what is possible, prudent, or even appropriate, but only what is "constitutionally compelled." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (citing *Burger v. Kemp*, 483 U.S. 776, 794, 107 S. Ct. 3114, 3126, 97 L. Ed. 2d 638 (1987)).

In evaluating counsel's performance, reviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable, professional assistance.  *Chandler*, 218 F.3d at 1314.  Courts must make "every effort

. . . to eliminate the distorting effects of hindsight" and must evaluate the reasonableness of counsel's performance "from counsel's perspective at the time." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065; *see also, e.g., Chandler*, 218 F.3d at 1314 (the *Strickland* standard compels courts to "avoid second-guessing counsel's performance"). The Eleventh Circuit has summarized the standard and the burden:

> Even if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so. This burden, which is petitioner's to bear, is and is supposed to be a heavy one. And, "[w]e are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial . . . worked adequately." *See White v. Singletary*, 972 F.2d 1218, 1221 (11th Cir. 1992). Therefore, the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.

*Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994); *see also, e.g., Waters v. Thomas*, 46 F.3d 1506, 1518 (11th Cir. 1995) (the test is not whether counsel could have done more); *Atkins v. Singletary*, 965 F.2d 952, 960 (11th Cir. 1992) (". . . the Constitution requires a good deal less than maximum performance.").

In order to meet the prejudice prong of the *Strickland* standard, petitioner must allege more than that the unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." 466 U.S. at 693, 104 S. Ct. at 2067; *see Marquard v. Sec'y for Dep't of Corr.*, 429 F.3d 1278, 1305 (11th Cir. 2005). Petitioner must show a reasonable probability exists that the outcome would have been different. *Marquard*, 429 F.3d at 1305 (petitioner's burden under the prejudice prong is high); *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. In applying *Strickland*, the court may dispose of an ineffective assistance claim if petitioner fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.").

The *Strickland* standard exists to prevent petitioners from abusing the post-trial process by escaping rules of waiver or presenting new issues; it should be

"applied with scrupulous care" to protect the integrity of the adversary process. *Harrington*, 131 S. Ct. at 788.  As it relates to habeas corpus applications, the Court emphasized:

> The standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial.  Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d).   When § 2254(d) applies, the question is not whether counsel's actions were reasonable.   The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Id.* at 788 (citations omitted); *Knowles,*129 S. Ct. at 1420 (2009) (*Strickland* claims evaluated under § 2254(d)(1) require "doubly deferential" judicial review).

Finally, when a district court considers a habeas petition, the state court's findings of historical facts in the course of evaluating an ineffectiveness claim are subject to the presumption of correctness, while the performance and prejudice components are mixed questions of law and fact.  *Strickland*, 466 U.S. at 698, 104 S. Ct. at 2070; *Collier v. Turpin*, 177 F.3d 1184, 1197 (11th Cir. 1999).  "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable.  This [inquiry] is different from asking whether defense counsel's performance fell below *Strickland*'s standard."  *Jones v. Sec'y, Dep't of Corr.*, ___ F.3d ___, 2011 WL 2540573 (11th Cir. Jun. 28, 2011) (quoting *Harrington*, 131 S. Ct. at 785 (2011))*.*  Habeas claims of ineffective assistance of counsel require "doubly deferential" judicial review under §2254(d) and *Strickland*, and petitioners only rarely prevail on this ground.  *See Rogers*, 13 F.3d at 386.

## Exhaustion and Default

Respondent contends petitioner did not present at least one of his current claims to the state court for review and is defaulted from doing so now, and this court should not consider the claims.  A petitioner defaults on an issue unless the petitioner first exhausts available state court remedies so the state has the

"'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 888, 130 L. Ed. 2d 865 (1995) (per curiam); *see* 28 U.S.C. § 2254(b)(1)(A) (applicant must exhaust available state court remedies); § 2254(b)(3) (state may rely on exhaustion requirement unless it expressly waives the right). *But see* § 2254(b)(2) (application may be denied on the merits even when applicant fails to exhaust state remedies).   To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. *Duncan*, 513 U.S. at 365-66, 115 S. Ct. at 888; *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732, 144 L. Ed. 2d 1 (1999) (same).  This affords the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845, 119 S. Ct. at 1732.

"Fair presentation" requires that, in each claim for relief, the petitioner include a reference to a specific federal constitutional guarantee and a statement of the facts that entitle the petitioner to relief. *Picard v. Connor*, 404 U.S. 270, 278, 92 S. Ct. 509, 513, 30 L. Ed. 2d 438 (1971).  To satisfy the exhaustion requirement, the petitioner must present the same facts and claims in state court about which he petitions the federal court. *Id.*  Appeals to a broad, general constitutional guarantee also fail to present the "substance" of such a claim to the state court. *See Anderson v. Harless*, 459 U.S. 4, 7, 103 S. Ct. 276, 278, 74 L. Ed. 2d 3 (1982) (petitioner cited federal authority only by referring to a state court decision in which "the defendant . . . asserted a broad federal due process right to jury instructions that properly explain state law" (internal quotation marks omitted)).  A state prisoner's claim is not fairly presented if the state court "must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material . . .." *Baldwin v. Reese*, 541 U.S. 27, 32, 124 S. Ct. 1347, 1351, 158 L. Ed. 2d 64 (2004).  However, when a petitioner squarely raises a federal constitutional claim in state court, the "failure of a state court to mention a federal claim does not mean

the claim was not presented to it."  ***Dye v. Hofbauer***, 546 U.S. 1, 3, 126 S. Ct. 5, 6-7, 163 L. Ed. 2d 1 (2005).  And, simply labeling the claim "federal" may be sufficient to fairly present the claim.  ***Baldwin***, 541 U.S. at 32, 124 S. Ct. at 1351 (dicta)*.*

The Eleventh Circuit requires specific reference to the United States Constitution and favors citations to federal cases. ***Zeigler v. Crosby***, 345 F.3d 1300, 1307-08 and n.5 (11th Cir. 2003) ("Cursory and conclusional sentences (unaccompanied by citations to federal law) . . . did not present to the Florida courts the federal claim asserted to us.").  This stricter standard requires the petitioner to differentiate a claim under the United States Constitution from one under a state constitution.  ***Id.*** at n.5; ***McNair v. Campbell***, 416 F.3d 1291, 1302-03 (11th Cir. 2005) ("a habeas applicant [must] do more than scatter some makeshift needles in the haystack of the state court record") (internal citations omitted)).  If state and federal constitutional law overlap in their applicability to the petitioner's claim, he must raise his issue in terms of the federal right in state court to obtain federal review of the issue.  ***Duncan***, 513 U.S. at 366, 115 S. Ct. at 888; *see also Anderson*, 459 U.S. at 7 and n.3, 103 S. Ct. at 278 and n.3 (petitioner's citation to a state-court decision predicated solely on state law is probably insufficient to fairly apprise a reviewing court of a potential federal claim merely because the defendant in the cited state case advanced a federal claim).

A claim is procedurally defaulted and barred from federal review in two instances: (1) if it was raised in state court and rejected on the independent and adequate state ground of procedural bar or default; or (2) if it was not properly raised in state court and can no longer be litigated under state procedural rules.  ***Coleman v. Thompson***, 501 U.S. 722, 734-35 and n.1, 111 S. Ct. 2546, 2557 and n.1, 115 L. Ed. 2d 640 (1991); ***Bailey v. Nagle***, 172 F.3d 1299, 1302-03 (11th Cir. 1999); *see also Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001) (state court's rejection of petitioner's constitutional claim on state procedural grounds generally precludes subsequent federal habeas review of that claim).  Unless the federal court determines the state court "clearly and expressly" relied on independent and adequate state grounds, the

federal court may address the petition.[7]  *Coleman*, 501 U.S. at 735, 111 S. Ct. at 2557.
However, when any future attempt to exhaust state remedies would be futile under
the state's procedural default doctrine, the default is *per se* adequate state grounds
independent of the federal question.  *Id.* at 735 n.1, 2557 n.1; *Harris v. Reed*, 489 U.S.
255, 263 n.9, 109 S. Ct. 1038, 1043 n.9, 103 L. Ed. 2d 308 (1989) (federal habeas court
need not require a federal claim be presented to a state court if the state court would
hold the claim procedurally barred).

The adequacy of a state procedural bar to the assertion of a federal question
is itself a federal question.  *Lee v. Kemna*, 534 U.S. 362, 122 S. Ct. 877, 885, 151 L. Ed.
2d 820 (2002).  To foreclose federal review, the state procedural bar must be firmly
established and regularly followed, that is, not applied in an arbitrary or
unprecedented fashion.  *Ford v. Georgia*, 498 U.S. 411, 423-24, 111 S. Ct. 850, 857,
112 L. Ed. 2d 935 (1991).  A state procedural bar is firmly established and regularly
followed when the state has put litigants on notice of the rule, and the state has a
legitimate interest in the rule's enforcement.  *Maples v. Allen*, 586 F.3d 879, 888 (11th
Cir. 2009) (citing Lee v. Kemna*, 534 U.S. at 385-88, 122 S. Ct. at 890-92)).*

To overcome a procedural default so that the federal habeas court may reach
the merits of a claim, the petitioner must show either "cause for the default and
actual prejudice resulting therefrom," or a fundamental miscarriage of justice.
*Kelley v. Sec'y for the Dep't of Corr.*, 377 F.3d 1317, 1345 (11th Cir. 2004); *High v.
Head*, 209 F.3d 1257, 1261 (11th Cir. 2000).  Cause exists when an external
impediment, such as governmental interference or the reasonable unavailability of
the factual basis for the claim, prevented petitioner from raising the claim.
*McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991).
To meet the miscarriage of justice exception, the petitioner must show that "a
constitutional violation has probably resulted in the conviction of one who is

---

[7]  The "adequate and independent state grounds" rule applies equally to procedural and substantive
state-law grounds.  *Lee v. Kemna*, 534 U.S. 362, 375, 122 S. Ct. 877, 885, 151 L. Ed. 2d 820 (2002).

actually innocent" because "it is more likely than not that no reasonable juror would have convicted him."  *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851, 867, 130 L. Ed. 2d 808 (1995).  Further:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.  To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.

*Id.*  In short, actual innocence claims opening the gate for the miscarriage of justice exception are summarily rejected in virtually every case.  *Id.*

Deference to state court findings of fact

Under the AEDPA, the state court does not have to explicitly state its findings of fact.  *See Blankenship v. Hall*, 542 F.3d 1253, 1271-72 (11th Cir. 2008).  State court findings of fact can be implied from the opinion and the record when they are necessary to the Rule 3.850 court's rejection of a petitioner's claim.  *Id.*  These implicit findings are entitled to deference.  *Id.*  As explained in the Standard of Review, *supra*, the state court is not required to cite or be aware of the relevant Supreme Court precedent as long as its conclusion is not contradictory.  *Early*, 537 U.S. at 8, 123 S. Ct. at 365.  A summary adjudication with a brief, or total lack of, statement of reasons is still an adjudication on the merits.  *Harrington*, 131 S. Ct. at 780, 784; *see Childers v. Floyd*, 642 F.3d 953, 968 (11th Cir. 2011) ("an 'adjudication on the merits' is best defined as any state court decision that does not rest solely on a state procedural bar.").

## PETITIONER'S GROUNDS FOR RELIEF

Mr. Howard presents this court with three grounds for relief, which were grounds one, four, and six of his motion for post-conviction relief (ex. O, pp. 9-11, 17-22, 26-28).

**Grounds One and Three: Ineffective assistance of trial counsel for conceding guilt to a lesser-included offense; ineffective assistance of trial counsel for waiving closing argument**

Respondent contends Grounds One and Three are unexhausted because Mr. Howard failed to include the claims in his initial brief appealing denial of his post-conviction motion (doc. 19, pp. 9, 21).  Ground One, also ground one of Mr. Howard's Rule 3.850 motion, contends his counsel was ineffective for failing to "investigate and present a valid defense, and for unwarranted and unreasonable concession" of guilt to a lesser-included offense (doc 20, ex. O, p. 9).  Mr. Howard contends his counsel, Ms. Stacy, conceded Mr. Howard was guilty of petit-theft, a lesser-included offense of robbery.  He cites Ms. Stacy's opening statement:

> MS. STACY: Ladies and gentlemen, again, I'm Holly Stacy, and this is my client, Earl Dexter Howard.  Mr. Howard admits that he took those steaks.
> THE COURT: You may be seated, Mr. Howard.
> MS. STACY: He did it.  He took them.  He shouldn't have.  He didn't have permission and he didn't pay for them.  That's a shoplifting.  Under the law we call it petit theft and he concedes it.

(Ex. E, p. 19).  Mr. Howard further argues this concession "automatically" established his violation of probation (doc. 1, p. 4; doc. 20, ex. O, p. 9).

Ground Three, ground six of Mr. Howard's Rule 3.850 motion, contends his counsel was ineffective for failing to file a motion for a new trial pursuant to Rule 3.580, Florida Rules of Criminal Procedure, admitting to her own deficient performance in waiving closing argument (ex. O, pp. 26-27).  He states:

> Counsel's deficient performance in failing to acknowledge her error in a proper and timely Motion For A New Trial prejudiced the Defendant in that the trial court could not have considered counsel's

**error and lack of knowledge of the law harmless to the Defendant, and the probability exists that a new trial would have been granted.**

(Ex. O, p. 27).

Mr. Howard's reply offers several theories for why these claims are exhausted. First, Mr. Howard alleges respondent "purposely omitted" facts "to have [the] court misapply" *Coleman*, *supra*, to "circumvent" addressing the merits (doc. 21, pp. 3-4). Second, he argues that because the state court appointed appellate counsel to represent him on appeal, he has a constitutional right to due process of law (doc. 21, p. 3). Third, he states the fact that he appealed denial of his motion for post-conviction relief renders the claims exhausted (doc. 21, p. 4). The remainder of his reply is a restatement of the merits of his claims.

<u>Federal Review</u>

A claim that is not properly raised in state court and can no longer be litigated under state procedural rules is procedurally defaulted from federal review. *Coleman*, 501 U.S. at 734-35 and n.1, 111 S. Ct. at 2557 and n.1; *see also* 28 U.S.C. § 2254(b)(1)(A). The Eleventh Circuit has expressly recognized Florida procedural law governing exhaustion of claims. Where a claim is not raised in an initial brief on appeal from denial of a 3.850 motion for post-conviction relief, the claim is procedurally defaulted in federal court for failure to exhaust state court remedies. *Atwater v. Crosby*, 451 F.3d 799, 810 (11th Cir. 2006) (asserting claim for first time in reply brief does not excuse procedural bar); *see, e.g., Hall v. State of Florida,* 823 So.2d 757, 763 (Fla. 2002) (same). To overcome the procedural default, the petitioner must show cause for the default and actual prejudice resulting from the alleged constitutional violation, or a fundamental miscarriage of justice. *Kelley*, 377 F.3d at 1345.

Mr. Howard's initial brief states: "This appeal challenges only the decision by the judge regarding claim Four in the motion for post-conviction relief." (Ex. W, p. 9). It focuses on the legal arguments in that claim for relief and even specifically distinguishes the argument in ground four from the argument in ground one (ex. W,

pp. 9, 13).[8]  Mr. Howard's reply brief on belated appeal also states: "The claim on appeal is limited to Mr. Howard's lawyer's decision to waive closing argument." (Ex. Y, p. 2).  The record clearly shows Mr. Howard did not intend to raise grounds one or six of his Rule 3.850 motion in his appeal.  His failure to raise the grounds in state court renders Grounds One and Three of his habeas petition unexhausted.

Mr. Howard has not shown cause for the default or a fundamental miscarriage of justice.  To the extent he would blame the failure on his appellate counsel, that argument could have been raised in state court as an ineffective assistance of appellate counsel claim and is itself procedurally defaulted.  He has not alleged any other external impediment.  Now, any further attempt at exhaustion in Florida courts would be futile because his claim would be untimely and procedurally barred under Florida law.  *See Smith v. State*, 445 So.2d 323, 325 (Fla. 1983) ("Issues which either were or could have been litigated at trial and upon direct appeal are not cognizable through collateral attack.").  He has made no showing of actual innocence.  Mr. Howard is not entitled to federal habeas relief, and the writ should not issue.

Ground Two: Ineffective assistance of counsel for waiving closing argument at trial

Mr. Howard claims his trial counsel was ineffective for waiving the right to a closing argument (doc. 1, p. 5).  He states closing arguments were integral to showing reasonable doubt because counsel would have had the chance to explain why Mr. Howard was guilty of petit theft but not guilty of robbery.  She also should have explained Mr. Howard's theory of self-defense using non-deadly force to negate the charge of resisting a law enforcement officer with violence (doc. 1, p. 5).  He further asserts the evidentiary hearing was not fair and impartial and showed counsel was ineffective (doc. 1, p. 6).  Mr. Howard concludes that had his counsel

---

[8]  In his summary of the argument, Mr. Howard distinguishes ground four from ground one:
Unlike the actual concession to committing the lesser offense, the [sic] was no on the record inquiry of Mr. Howard to determine if he understood what was going to happen and what the consequences of giving up the closing argument meant to his case.
(Ex. W, p. 9).

made a closing argument, he would have been acquitted or convicted only of petit theft (doc. 1, pp. 5-6).

In Mr. Howard's Rule 3.850 motion, he states his counsel improperly conceded to the "State's rationale that if the State waived closing argument, then by default, the defense could not present any closing argument because there would be nothing to rebut." (Ex. O, p. 17). Mr. Howard references the trial record where counsel "raised reasons" why Mr. Howard should waive closing argument, but he believes two of the reasons were based on trial counsel's incorrect application of the law (ex. O, p. 18). He also states the prosecutor said one of the reasons he would like to waive closing arguments is because he had appendicitis; Mr. Howard suggests a motion for continuance would have been appropriate instead of waiving arguments (ex. O, p. 19). Had trial counsel presented a closing argument, she would have discussed the self-defense theory, the weight of the evidence supporting lawful use of non-deadly force, the jury instructions, and reasonable doubt (ex. O, p. 22). Mr. Howard concludes her failure to present these arguments prejudiced him.

<u>State Court Decision</u>

The Rule 3.850 court held an evidentiary hearing on this claim (ex. Q). After the hearing, the court issued a written opinion denying relief on the claim. It reasoned:

> 4.      The record reflects that, after the parties rested, the State announced it would waive closing argument. *See* Transcript, page 160, lines 15-25. The record also reflects that Defendant's trial counsel asserted the defense's right to argue even when the State waives. *See* Transcript, page 161, lines 1-4. The record also reflects that, after a recess, trial counsel announced that, after discussion with the Defendant, he had agreed to waive closing argument. *See* Transcript, page 161, lines 8-25; page 162, lines 1-14. At hearing, defense counsel testified that she had advised Defendant to waive closing if the State did so because she saw an advantage in the State not having the last word. She testified that she had experience with the prosecutor and that he gave effective closing arguments. Even if he waived going first, if she presented argument, he would have the last word in rebuttal. The

**Defendant agreed with that advice and therefore knowingly and voluntarily waived closing argument.**

**(Ex. R, p. 105).**

### Federal Review of State Court Decision

The Rule 3.850 court did not cite the *Strickland* standard, which is the clearly established federal law applicable to the case, but it does not have to so long as neither its reasoning nor result contradicts the law.  *Early*, 537 U.S. at 8, 123 S. Ct. at 365.  The Rule 3.850 court's decision denies relief on both deficient performance and prejudice prongs of the *Strickland* test.  It concludes that counsel's decision to waive closing arguments was a reasonable strategic decision, so she was not deficient, and petitioner knowingly and voluntarily waived the right, so he was not prejudiced.

The Supreme Court has held that counsel for the defendant has a right to make a closing argument under the Sixth and Fourteenth Amendments as part of the defendant's right to assistance of counsel.  *Herring v. New York*, 422 U.S. 853, 857-858 and n.15, 95 S. Ct. 2550, 2553 and n.15, 45 L. Ed. 2d 593 (1975).  Mr. Howard contends his counsel did not understand the law regarding his right to a closing argument.  At trial, while in recess and after an off-the-record discussion, the court and counsel addressed closing arguments.

> THE COURT: Under the rule, the state will go first and last in that the defendant introduced photographs. Is that correct, Ms. Stacy?
> MS. STACY: I'm sorry, Your Honor, what was the question?
> THE COURT: Under the rule the state would go first and last in that the defendant introduced photographs on closing?
> MS. STACY: Yes.
> THE COURT: Mr. Fleck, you made an announcement at sidebar. What's your announcement, sir?
> MR. FLECK: I announced that the state would not be making a closing argument and, therefore the defense would have nothing to rebut.  So I offered to present the case to the jury after instruction without any argument at all.
> MS. STACY: The defendant has an absolute right to make closing argument to the jury and I request permission to do so.

MR. FLECK: I don't agree.  Ms. Stacy would be entitled to a rebuttal after I argue. If I don't argue, then the defense has nothing to argue.

THE COURT: Well, when I was faced with this one time before, in fact, the state changed their mind and made a closing argument, so I did not have an opportunity to rule on it.

Ms. Stacy, we're going to take a recess in a few moments for you to review the case law that I've been provided regarding your issue on the jury instructions. . ..

Also if you want to, I'll address the issue as to whether or not you can have a closing argument also when I come back in the court room. . . .

MS. STACY: Actually, Your Honor, before you go may I just have a brief word with Mr. Howard before you leave the bench?

THE COURT: You may, sure.

(Pause in the proceedings.)

MS. STACY: Your Honor, I've conferred with Mr. Howard.  If the state is waiving all closing argument, so will the defense.

THE COURT: Very Well.  Mr. Howard, is that what you want to do, sir?

THE DEFENDANT: Yes sir, take the advice of my attorney.

(Ex. E, pp. 160-162).  In Mr. Howard's motion for post-conviction relief, he avers: "Counsel misadvised the Defendant by stating that the prosecutor was right and that without a preceding closing argument by the State, she would not be allowed to present a closing."  (Ex. O, p. 18).  There is nothing in the record to support the argument that Ms. Stacy ever thought Mr. Fleck was "right."  Ms. Stacy stated on the record that the defense has an absolute right to a closing argument.  Furthermore, the Rule 3.850 court determined Ms. Stacy waived closing argument as a matter of trial strategy, so the question of whether Mr. Fleck was incorrect in stating if he waived closing argument Ms. Stacy could not give a closing argument, is irrelevant.[9]

---

[9]  Presumably, Mr. Howard bases this argument on Rule 3.250, Florida Rules of Criminal Procedure, as it existed at the time of trial.  Rule 3.250 provided that "a defendant offering no testimony in his or her own behalf, except for the defendant's own, shall be entitled to the concluding argument before the jury."  Fla. R. Crim. P. 3.250 (2004).  Commonly called the "sandwich rule", it gave the defense the advantage of the opening and rebuttal argument at closing if (and only if) the only testimony was the defendant's testimony.  *See Diaz v. State of Florida*, 747 So.2d 1021 (Fla. 3rd DCA 1999) (where defense counsel's error required him to take a prosecutorial witness "as his own", defense lost right to rebuttal

Additionally, a federal habeas court cannot redetermine witness credibility when the state trial court has observed the witnesses' demeanor and the federal habeas court has not. *Marshall v. Lonberger*, 459 U.S. 422, 434-36, 103 S. Ct. 843, 851-52, 74 L. Ed. 2d 646 (1983). The Rule 3.850 court conducted an evidentiary hearing and heard Mr. Howard's and trial counsel's testimony.

Mr. Howard testified in relevant part:

> A       When I was brought back to the courtroom for jury convening again after the deliberations, I was told by my counsel that we were, we were going - - we were not going to close arguments because the state had agreed not to close arguments, and if we were to go ahead with closing arguments, then the state would have an opportunity to rebut what we spoke on; and that also that the state attorney was having a problem with his appendix and he was trying to get home.

(Ex. Q, p. 9). After clarification, Mr. Howard testified that he believed his counsel waived closing argument to accommodate Mr. Fleck's appendix issue (ex. Q, p. 10). He acknowledged that he answered affirmatively when the court asked if he wanted to waive closing argument but stated he waived it in reliance on his counsel's bad advice (ex. Q, p. 11).

In contrast, Ms. Stacy testified she waived closing arguments as a matter of strategy because she did not want Mr. Fleck to be the last to address the jury. She

---

argument). An amendment proposed in 2005, enacted by the legislature in 2006, and adopted in 2007, created Rule 3.381, which provides that the prosecutor has the initial and rebuttal closing arguments regardless of what evidence the defense presents. Also, if the defendant does not present a closing argument, the prosecutor is not permitted a rebuttal argument. It was adopted in part to bring Florida in line the vast majority of jurisdictions and the common law rule. *See In re Amendments to the Florida Rules of Criminal Procedure-Final Arguments*, 957 So. 2d 1164 (Fla. 2007).

    However, the record shows the defense introduced photographs (ex. E, p. 160). Photographs were considered "testimony" under Florida law and eliminated the "sandwich rule" advantage of Rule 3.250. *Kennedy v. State of Florida*, 83 So.2d 4, 5 (Fla. 1955). Indeed, at Mr. Howard's trial, the judge stated: "Under the rule, the state will go first and last in that the defendant introduced photographs[,]" and Ms. Stacy concurred with his statement (ex. E, p. 160). Therefore, even if Ms. Stacy had "research[ed] an area of law that she was not familiar with," her primary reason for waiving closing arguments—to prevent Mr. Fleck from addressing the jury last—would have been correct under Florida law.

explained, "Mr. Fleck had open and close and I was stuck in the middle." (Ex. Q, p. 24).  Further testimony elucidated her concerns about Mr. Fleck's abilities:

> A    Mr. Fleck does a fantastic closing argument.  And if he was willing to give it up, I wanted to make sure that happened.
> Q    And did you discuss this with Mr. Howard?
> A    Yes.
> Q    So the legal standing of what Mr. Fleck said was really never reached because you agreed that you would not do your closing argument?
> A    Correct.
> THE COURT: Before we leave the topic, could I just make sure I understand or that I'm inferring correctly what you're implying?  And that is, Mr. Fleck waived his additional argument.  Your concern was that if you insisted on giving your argument and made it, then he would have an opportunity to rebut yours?
> THE WITNESS:    Oh, yeah.
> THE COURT:        You didn't want to give him that opportunity?
> THE WITNESS:    Correct.

(Ex. Q, pp. 26-27).  On cross examination, she maintained that if she had made a closing, Mr. Fleck would have rebutted the closing.  She stated, "I know Mr. Fleck.. . .He only waived to keep me from arguing.  If I'd have gotten to argue and he had a chance to get the last word, he would have done it."  (Ex. Q, p. 30).

The Rule 3.850 court found Ms. Stacy credible, and this court will not re-weigh credibility.  The court clearly determined Ms. Stacy's choice not to make a closing argument was based on trial strategy.  This court's review of an attorney's trial strategy is highly deferential:

> The right to effective assistance extends to closing arguments. Nonetheless, counsel has wide latitude in deciding how best to represent a client, and deference to counsel's tactical decisions in his closing presentation is particularly important because of the broad range of legitimate defense strategy at that stage. Closing arguments should "sharpen and clarify the issues for resolution by the trier of fact," but which issues to sharpen and how best to clarify them are questions with many reasonable answers. *Indeed, it might sometimes make sense to forgo closing argument altogether.*  Judicial review of a defense attorney's summation is therefore highly deferential-and

**doubly deferential when it is conducted through the lens of federal habeas.**

*Yarborough v. Gentry*, 540 U.S. 1,5, 124 S. Ct. 1,4, 157 L. Ed. 2d (2003) (internal citations omitted) (emphasis added); *see also Messer v. Kemp*, 760 F.2d 1080, 1090 (11th Cir. 1985) (defense counsel's decision not to make an opening statement was not deficient performance when he stated his strategy was to use a "low-key approach, maintain credibility with the jury," to avoid death penalty).

In *Bell*, *supra*, the defense counsel waived closing argument to prevent the prosecutor, "who by all accounts was an extremely effective advocate, from arguing in rebuttal."  535 U.S. at 692, 122 S. Ct. at 1849.  The Supreme Court held that the defense counsel was not ineffective.  Based on the record, the state court's ruling was not contrary to clearly established federal law or based on an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d)(1), (2); *Williams, supra*.  Mr. Howard is not entitled to federal habeas relief on this claim.

## CONCLUSION

The court has carefully reviewed the trial transcript, the records of proceedings on Mr. Howard's motion for post-conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure, and all submissions in this proceeding. Mr. Howard's Grounds One and Three alleging ineffective assistance of trial counsel are unexhausted and thus not entitled to federal habeas review.  Mr. Howard's Ground Two is without merit.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(a), Rules Governing Section 2254 Cases.

A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).   Therefore, it is recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party  may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.


Accordingly, it is respectfully RECOMMENDED:

1.      That the 28 U.S.C. § 2254 petition for writ of habeas corpus (doc. 1), challenging the conviction and sentence in *State of Florida v. Earl Dexter Howard* in the Circuit Court of Alachua County, Florida, case no. 04-495, be DENIED and the clerk be directed to close the file.

2.      That a certificate of appealability be DENIED.



At Pensacola, Florida, this 19th day of July, 2011.


/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO PARTIES</u>

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties</u>.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**